## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| JOHN ALLEN BAKER, | ) No. CV 11-1411-PHX-RCB (MEA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| ARIZONA STATE ATTORNEY GENERAL, et al., | ) |
| Defendants. | ) |

Plaintiff John Allen Baker, who is confined in the Maricopa County Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. Plaintiff then filed a First Amended Complaint, which supercedes the original Complaint in its entirety. (Doc. 5.) The Court will order Defendant Philips to answer Counts I and III of the First Amended Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $35.54. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

94 (2007) (*per curiam*)).

## III. First Amended Complaint

In his First Amended Complaint, Plaintiff alleges three counts for violation of his federal Fourth and Fourteenth Amendment rights and violation of his state constitutional rights. Plaintiff sues the Arizona Attorney General, Deputy Maricopa County Attorney Peter Eicker, Phoenix Police Officer Philips, the Phoenix Police Department, and the Chief of the Phoenix Police. Plaintiff seeks compensatory and punitive damages.

Plaintiff alleges the following facts in his First Amended Complaint: at some point, Plaintiff was pulled over at night by Officer Philips for a minor traffic violation. As Philips approached Plaintiff's car, he saw Plaintiff motion with his hand. Philips asked Plaintiff to exit his car. Plaintiff complied. Philips went back to his car and looked up Plaintiff's information on his computer. After doing so, he walked back to Plaintiff's car and opened the driver's door, looked under the seat with a flashlight, and found a bag of marijuana. Plaintiff was arrested and charged with possession.

On August 11, 2011, the Superior Court in Maricopa County granted Plaintiff's motion to suppress the marijuana for lack of probable cause or valid warrant to search the car. The court found that the search violated Plaintiff Fourth and Fourteenth Amendment rights as well as his state constitutional rights and dismissed the charges with prejudice. Plaintiff was released and bond exonerated after he spent fourteen months in jail. As a result of his confinement, Plaintiff lost his job, his home, and his personal belongings.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.     Phoenix Police Department**

Plaintiff sues the City of Phoenix Police Department. (See doc. 5 at 1, 2.) A municipal police department is not a "person" within the meaning of § 1983. See e.g., Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504 (D. Conn. 2008); Pahle v. Colebrookdale Tp., 227 F. Supp.2d 361 (E.D. Pa. 2002). However, a municipality is a "person" for purposes of § 1983, i.e., a municipality such as a city or county, may be sued. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

The City of Phoenix Police Department is not a proper Defendant and it will be dismissed. To the extent that Plaintiff sues the City of Phoenix, he fails to allege facts to support that the City of Phoenix maintained a policy or custom that resulted in the violation of Plaintiff's federal constitutional rights or to explain how his injuries were caused by any municipal policy or custom. Accordingly, Plaintiff also fails to state a claim against the City of Phoenix.

**B.     Phoenix Chief of Police**

Plaintiff also appears to be attempting to sue the Phoenix Chief of Police. (See doc. 5 at 2.) To state a claim against a defendant, "[a] plaintiff must allege facts, not simply

conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez, 294 F.3d at 1188. In addition, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell, 436 U.S. at 691; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege any facts to support that the Phoenix Chief of Police in any way violated Plaintiff's constitutional rights. Accordingly, he will be dismissed.

**C.     Arizona Attorney General and Deputy Maricopa County Attorney Eicker**

Plaintiff sues the Arizona Attorney General and Deputy Maricopa County Attorney Eicker, who prosecuted Plaintiff. In Count II, Plaintiff asserts that Eicker prosecuted Plaintiff and refused to dismiss the charges against him at the direction of the Arizona Attorney General.

The Court will dismiss these Defendants for two reasons. First, a Deputy Maricopa County Attorney works for the Maricopa County Attorney, not the Arizona Attorney General. Absent factual allegations to support that the Arizona Attorney General had *any* involvement in Plaintiff's prosecution, Plaintiff fails to state a claim against him. Second, *even* if Eicker prosecuted Plaintiff at the direction of the Arizona Attorney General, both Eicker and the Arizona Attorney General are entitled to absolute prosecutorial immunity.

A prosecutor is absolutely immune from liability under § 1983 for his conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431);

Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). Immunity extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or for making false or defamatory statements during, and related to judicial proceedings. Buckley, 509 U.S. 259, 270 (1993) (citations omitted).

Because Plaintiff only sues the Arizona Attorney General and Deputy Maricopa County Attorney Eicker for their alleged conduct in prosecuting Plaintiff, they are entitled to absolute prosecutorial immunity. Further, because Plaintiff only alleges claims against these Defendants in Count II, both Count II and these Defendants will be dismissed.

**V.   Claims for Which an Answer Will be Required**

Plaintiff sufficiently alleges a claim in Count I for violation of his Fourth Amendment rights against Officer Philips based upon his search of Plaintiff's car. He also sufficiently alleges a state law claim for violation of his state constitutional rights in Count III. Accordingly, Defendant Philips will be required to respond to Counts I and III.

**VI.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit

an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $35.54.

(3)     Count II and Defendants Arizona Attorney General, Eicker, and Phoenix Chief of Police are **dismissed** without prejudice.  (Doc. 5.)

(4)     Defendant Philips must answer Counts I and III.  (Doc. 5.)

(5)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 5), this Order, and both summons and request for waiver forms for Defendant Philips.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendant of the commencement of this

action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 14th day of September, 2011.

_____
Robert C. Broomfield
Senior United States District Judge