**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| JOHN ALLEN BAKER, | No. CV 11-1411-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. |  |
| ARIZONA STATE ATTORNEY GENERAL, et al., |  |
| Defendants. |  |

Plaintiff John Allen Baker, who is confined in the Maricopa County Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff then filed a First Amended Complaint, which superceded the original Complaint in its entirety. (Doc. 5.) In an Order filed on September 15, 2011, the Court ordered Defendant Philips to answer Counts I and III of the First Amended Complaint and dismissed the remaining claim and Defendants without prejudice. (Doc. 6.) The Clerk's Office sent Plaintiff a service packet for service on Philips on September 15, 2011, pursuant to this Court's Order. (Id.) Plaintiff has filed a motion for extension of time to return the service packet and for clarification of the Court's prior Order.[1] (Doc. 8.) Plaintiff seeks clarification on the basis that the Court's prior Order erroneously referred to the date of August 11, 2011 rather than August 11, 2010. Plaintiff is correct. The Court will amend its prior Order and

---

[1] Plaintiff seeks an extension of time pursuant to Rule 60(A) of the Arizona Rules of Civil Procedure. The Arizona Rules of Civil Procedure do not apply to cases filed in federal court, like this one. Rather, the Federal Rules of Civil Procedure apply.

direct the Clerk to send him a new service packet with a copy of this Order and grant him an additional 21 days from the filing date of this Order.

**Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn solely as to Plaintiff's motion for extension of time and clarification. (Doc. 8.)

(2)     Plaintiff's motion for extension of time and clarification is **granted** to the

extent stated herein. (Doc. 8.)

(3) The Order filed on September 15, 2011 is amended to the extent that the date of August 11, 2011 on page 3 is amended to August 11, 2010. (Doc. 6.)

(4) The Clerk of Court must send Plaintiff a *new* service packet including the First Amended Complaint (Doc. 5), the Order filed on September 15, 2011, doc. 6, and this Order, and both summons and request for waiver forms for Defendant Philips.

(5) Plaintiff must complete and return the new service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of the September 15, 2011 Order, and this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, First Amended Complaint, the September 15, 2011 Order, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service

- 3 -

for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, the September 15, 2011 Order, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 4th day of October, 2011.

_____
Robert C. Broomfield
Senior United States District Judge