**WO**                                                         **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Allen Baker, | No. CV 11-1411-PHX-RCB (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona State Attorney General, et al., | |
| Defendants. | |

Plaintiff John Allen Baker brought this civil rights action under 42 U.S.C. § 1983 against City of Phoenix Police Officer Philips (Doc. 5). Before the Court is Defendant's Motion to Dismiss Count III for failure to comply with Ariz. Rev. Stat. § 12-821.01, to which Plaintiff did not respond (Doc. 12). The Court will grant the motion and dismiss Count III.

**I.  Background and Motion**

In August 2011, Plaintiff filed his First Amended Complaint contending that Defendant violated Plaintiff's Fourth Amendment rights (Count I) and his rights under the Arizona Constitution (Count III) based upon Defendant's warrantless and suspicionless search of Plaintiff's car. Defendant now moves to dismiss Plaintiff's state law claim because Plaintiff failed to file a notice of claim required under Ariz. Rev. Stat. § 12-821.01 (Doc. 12).

**II.  Analysis**

Arizona Revised Statute § 12-821.01(A) states the following:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set

> forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

After Defendant filed his motion, the Court issued a notice informing Plaintiff of his obligation to respond (Doc. 14).  In failing to respond to the motion, Plaintiff does not introduce any evidence that he complied with Ariz. Rev. Stat. § 12-821.01(A).  Nor does his First Amended Complaint make any mention of compliance with the statute. Accordingly, Plaintiff's state law claim in Count III is barred for failure to file a notice of claim and it will be dismissed.

Alternatively, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss.  Plaintiff was specifically warned of this possibility (Doc. 14).  And the Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). For this additional reason, Defendant's motion will be granted and Count III will be dismissed.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 12).

(2) Defendant's Motion to Dismiss (Doc. 12) is **granted**.

(3) Count III is dismissed.  The remaining claim is Count I.

DATED this 16th day of March, 2012.

_____
Robert C. Broomfield
Senior United States District Judge