WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Allen Baker,<br><br>    Plaintiff,<br><br>  vs.<br><br>Attorney General of the State of Arizona, et al.,<br><br>    Defendants. | No. CV 11-1411 PHX RCB (MEA)<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff John Allen Baker brought this civil rights action under 42 U.S.C. § 1983 against Phoenix Police Department Officer Phillips (Doc. 1). By Order dated September 15, 2011, the Court warned Plaintiff that he must file a Notice of Change of Address if his address changes and that failure to comply may result in the dismissal of this matter (Doc. 6 at 6). Rule 83.3(d) of the Local Rules of Civil Procedure further requires Plaintiff to file a notice of change of address 14 days before the move is effective.  Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. On October 29, 2012, an Order that was mailed to Plaintiff's most recent address was returned to the Court as "undeliverable" (Doc. 24).  Also, a review of the docket reveals that Plaintiff has not filed anything in this action since September 29, 2011 (Doc. 8). Nor has Plaintiff filed a response to Defendant's pending summary judgment motion (Doc. 21).  It therefore appears that Plaintiff has abandoned this action and the Court will order him to show cause within 20 days why this action should not be dismissed under Federal Rule of Civil Procedure 41(b).

Plaintiff has the general duty to prosecute this case. <u>Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).

It is well established that under Federal Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); <u>see also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to participate in this action prevents the case from proceeding and militates against wasting scant judicial resources. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. As a

result, the Court will provide Plaintiff with 20 days to respond to this Order to Show Cause and explain why this action should not be dismissed under Rule 41(b). If Plaintiff fails to respond, this action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff must respond to this Order to Show Cause within 20 days as detailed herein.

**IT IS FURTHER ORDERED** that if Plaintiff fails to respond to this Order to Show Cause the Clerk of Court must dismiss this action without further notice to Plaintiff.

DATED this 5th day of December, 2012

_____
Robert C. Broomfield
Senior United States District Judge